## 11014

### FLEISHMAN, MORRIS & CO. *ET AL.* v. NATIONAL SURETY CO. *ET AL.*

### NATIONAL SURETY CO. v. BAKER *ET AL.*

(113 S. E., 686)

1. APPEAL AND ERROR—FINDING OF REFEREE AND CIRCUIT JUDGE SUSTAINED ON REVIEW, WHERE SUPPORTED BY EVIDENCE.—The Supreme Court will sustain the finding of Referee and Circuit Judge, abundantly supported by the evidence.

2. EXECUTORS AND ADMINISTRATORS—PROBATE COURT ORDER CONCERNING DISCHARGE OF ADMINISTRATOR HELD NOT RES JUDICATA, BINDING ON CREDITORS.—An order of the Probate Judge concerning administrator's accounting preliminary to discharge and calling in creditors, *held* not *res judicata,* such as to bind the creditors, where it recited: "But, under the law, advertisement of the application for discharge must be advertised for 30 days."

Before PRINCE, J., Hampton, ——————— Affirmed.

Proceeding for removal of Frank Baker, administrator of the estate of Dave Baker, deceased, brought by the National Surety Company, surety on administrator's bond. Accounting by administrator before the Judge of Probate, who granted an order relieving the administrator under that proceeding and calling in creditors. Action by Fleishman, Morris & Co., and others against the National Surety Company and others. In this action the referee and Circuit Judge found against the administrator and his surety, and they appeal. Judgment affirmed.

*Mr. J. A. Mace for National Surety Co.,* appellant, cites: *Surviving partner has right to wind up affairs of partner:* 4 Rich., 46. *Order of Judge of Probate is res adjudicata:* 4 DeS., 422; 1 N. & McC., 326; 24 S. C., 398.

*Mr. George Warren,* for respondents, cites: *Findings of fact in law, action not reviewable:* 23 S. C., 1; 23 S. C., 25; 27 S. E., 924; 29 S. E., 400; 39 S. E., 789.

September 26, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Dave Baker died intestate. His brother, Frank Baker, administered, and the National Surety Company became surety on his administration bond. Becoming dissatisfied with the condition of affairs, the surety company took steps to have Frank·Baker dismissed and A. L. Youmans appointed in his place. There was an accounting by Frank Baker before Judge of Probate, who granted the order relieving Frank Baker, appointing Youmans, and calling in creditors.

This suit is the answer of creditors to that call. The appellants in this action deny that Frank Baker and his surety are liable, and claim that Frank Baker was the copartner of Dave Baker, and undertook to wind up the affairs of

Dave Baker as surviving partner. The referee and Circuit Judge found against the administrator and his surety, and they appeal on 25 exceptions. Appellants reduce the questions to six, and should have reduced them to 3.

1. Was Frank Baker the partner of Dave?

1    The finding of the referee and Circuit Judge that he was not is abundantly sustained by the evidence, and this point cannot be sustained.

2. Was the order of the Judge of Probate res ad-
2    judicata?

. It did not purport to be. The order says:

"Upon the showing made it appears to the Court that said Frank Baker has accounted to the Court for the property coming into his hands, and that he is entitled to a discharge. But, under the law, advertisement of the application for discharge must be advertised for 30 days."

The order does not pretend to bind creditors, and this action is by the creditors.

3. Were there assets to pay the debts?

The referee and Circuit Judge have determined that question, and no error has been shown.

The judgment is affirmed.